## H. E. NEFF v. SOCRATES SMITH, Appellant.

**Establishment of Highway:** INSUFFICIENCY OF EVIDENCE TO SHOW.
1   The establishment of a highway across certain land is not shown by
    evidence that the holder of .the record title to the land petitioned for
    it while another, in possession and claiming ownership, remonstrated;
    that the latter was awarded damages which were never paid; that the
    board in one year established part of the road and next year, with-
    out postponement or notice, that part of it in controversy; and that
    the said claimant fenced up the alleged road but permitted persons
    to pass through the gates.

2   · Res Adjudicata: TRANSCRIPT, WHEN INCOMPETENT.—Res adjudi-
    cata is not established where the pleadings in the first suit are lost
    and an alleged transcript of the evidence in it is simply certified to
    by the reporter as taken in an unentitled cause in the district court
    of a certain county, where the proof as to the subject-matter of the
3   first suit is not clear and is conflicting; and such transcript is inad-
    missible.   ◦

*Appeal from Monona District Court.*—HON. GEORGE W.
WAKEFIELD, Judge.

WEDNESDAY, MAY 16, 1894.

ACTION in equity to restrain the defendant from
obstructing an alleged highway.   There was a hearing
on the merits, and a decree in favor of plaintiff.   The
defendant, Socrates Smith, appeals.—*Reversed.*

*L. R. Bolter* and *Oliver Bros. & Tillson* for appel-
lant.

*Chas. E. Underhill* and *H. Chrisman* for appellee.

ROBINSON, J.—The plaintiff, as road supervisor,
alleges that the defendant, Socrates Smith, and his wife
have for several years obstructed a highway which
passes through land which they own, in section 13,
township 84, range 44, by building barbed-wire and
other fences across it.   He asks that the nuisance

caused by the obstructions be abated, and that defendant be enjoined from building and maintaining fences across the highway. The district court granted a perpetual injunction, as prayed. There is much conflict in the evidence, but we think the following facts have been shown: In the year 1872, a petition signed by W. R. Harris and others was presented to the board by the supervisors of Monona county, asking for the location of a highway from the Maple Valley or Mapleton road through the northwest quarter of the northeast quarter and the northeast quarter of the northwest quarter of section 13, to extend in a northwesterly direction up Trimble hollow; thence through section 12 to section 23, in township 85, in the same range. The petition was signed by Seth Smith, in whom the title to the land in the northwest quarter of the northeast quarter of section 13 then appeared to be vested, but was not signed by Socrates Smith, who then occupied it. He, with others, filed a remonstrance against the proposed road; and he also filed a claim for damages in the sum of one thousand dollars, alleging that he was the owner of the land in section 13 through which the proposed road would pass. The commissioners assessed his damages at the sum of $500. In November, 1872, the board of supervisors established the road northward from the north boundary line of section 13, and declared that the remainder of the road was not established. No other action was taken by the board until September, 1873, when action was had as follows: "The following described roads were now taken up and action had thereon, to wit: That part of road petitioned for by W. R. Harris, * * * lying in the northwest of northeast of 13–84–44, was now declared finally established." This action was not taken pursuant to any postponement of the consideration of the road, nor was any notice of it given. It appears to have been founded upon an alleged consent given by Seth Smith, of which Socrates Smith had no

knowledge. In the year 1883, the board of supervisors legally established the part of the road known as the "Gap," from the south boundary line of section 12, in a southeasterly direction, across the northeast corner of the northeast quarter of the northwest quarter of section 13, and a short distance into the northwest quarter of the northeast quarter of that section, to a point known in the record as "station 6." The portion of the road in controversy is wholly on the tract last described, and extends in a southeasterly direction from station 6 to the Mapleton road. The evidence in regard to the alleged consent of Seth Smith is neither clear nor satisfactory. The record of the auditor's office shows nothing of it. If the consent was in fact given, it would not have been effectual to authorize the establishment of the part of the road to which it referred, for the reason that the preponderance of the evidence shows that the land through which it was then to be established was both occupied and owned by Socrates Smith. He has occupied it continuously since that time, and has maintained gates and bars at station 6, and at the Mapleton road across the alleged highway, nearly or quite all the time until June, 1888. They were then torn down by a road supervisor, but were rebuilt by Smith. The damages assessed in his favor in 1872 have never been paid, and the board had no authority from the petition filed, and notice thereof given in that year, to establish the road, as it attempted to do, in the year 1873; and the consent of Seth Smith, if given, conferred none, for the reasons stated.

It is insisted by the plaintiff that, in the year 1885, Socrates Smith commenced an action in the circuit court of Monona county against one Oldis, as road supervisor, to enjoin him from opening at least a portion of the road in controversy, and that the result of the action was a decree in favor of the supervisor. The pleadings in that action can not be

found, and the record does not identify the subject-matter of the action, nor show its nature, excepting that it appears to have been in equity, to obtain an injunction, for a purpose not disclosed.

An alleged transcript of the evidence submitted in the case tends, to some extent, to sustain the claim of plaintiff; but objection was made to the transcript on the ground that it was incompetent, immaterial, and not the best evidence. We are of the opinion that the objections must be sustained. The transcript is not shown to be a transcript of the record in any case. It is authenticated only by the certificate of an official shorthand reporter, which describes it as the transcript of his shorthand notes of evidence taken in a case in the district court of Monona county. But, if the transcript were competent and material evidence, we do not think it sufficiently clear that the part of the road now in controversy was involved in that action, and held to be legally established. Smith and his wife both testify that the action did not involve the part of the road now in controversy, but only the "Gap." It is true, they are contradicted by Oldis, who is corroborated by some circumstantial evidence; but if all the evidence of the plaintiff on that branch of the case, including the transcript, be considered, it fails to overcome the showing made by the defendants, and the presumptions which arise therefrom,—that the part of the road in controversy was never established by the lawful action of the board of supervisors; that it was not involved in the equitable action in the circuit court; and that Socrates Smith has occupied the premises continuously, under a claim of ownership, since the first part of the year 1872, without interference of the road supervisors until the year 1888, although he barred the alleged road with fences and gates, as stated. He permitted the public to open and pass through them, but that was not incon-

sistent with his claim of ownership. On the contrary, what he did was an assertion of his right to control the use of the road. But when the transcript is rejected, as it must be, no question as to the insufficiency of the evidence to sustain the claim of the plaintiff remains. The appellant has done nothing which should estop him to urge the defense he makes, and we are of the opinion that it is sustained by the evidence. The decree of the district court is REVERSED.